## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 28 2020, 8:40 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Taylor-Price
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney L. Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Harvey James Hardin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 28, 2020

Court of Appeals Case No.
19A-CR-2479

Appeal from the Marion Superior Court

The Honorable Charnette D. Garner, Judge

Trial Court Cause No.
49G09-1901-F6-1760

**Bailey, Judge.**

# Case Summary

[1] Following a jury trial, Harvey James Hardin ("Hardin") was convicted of Escape, as a Level 6 felony,[1] and adjudicated a habitual offender.[2] Hardin now appeals, challenging the admission of GPS evidence of his location. We affirm.

# Facts and Procedural History

[2] After a court placed Hardin on home detention, Hardin reported to Marion County Community Corrections ("MCCC") on December 19, 2018. When prompted to provide the address of his residence, Hardin gave an address on Market Street. Hardin was advised of the rules of home detention, including the requirement that he stay within his residence and update MCCC of any address change in advance. He also signed a document that contained these rules. Eventually, Hardin was fitted with an ankle monitor. The monitor had a GPS feature as well as a telephone feature that allowed MCCC to call Hardin.

[3] On December 20, 2018, Hardin's case manager called Hardin through the monitor. On the call, Hardin admitted that he was living at 2332 East Washington Street, not at the address he provided on Market Street. Hardin claimed that the Wheeler Mission on Market Street did not have space, so he was staying with a friend. The case manager instructed Hardin to report to

---

[1] Ind. Code § 35-44.1-3-4(b).

[2] I.C. § 35-50-2-8.

MCCC on or before the next day.  After Hardin failed to report and his monitor ran out of power, a warrant was issued for his arrest.  On January 3, 2019, Hardin was arrested at an apartment building at 2332 East Washington Street.

[4]     The State charged Hardin with three counts of Escape, each as a Level 6 felony.  In Count 2, the State alleged that, "[o]n or about December 21, 2018," Hardin "knowingly or intentionally violate[d] a home detention order" by "being in a location not permitted by his home detention contract terms."  App. Vol. 2 at 90.  The State also alleged that Hardin had the status of a habitual offender.

[5]     A jury trial was eventually held on August 21, 2019.  At trial, the State elicited testimony from (1) the MCCC employee who went over the home-detention rules with Hardin, to whom Hardin had provided the address on Market Street; (2) the MCCC employee who called Hardin through the monitor and learned from Hardin that he was now living on East Washington Street, not Market Street; and (3) the officer who eventually arrested Hardin on East Washington Street after Hardin failed to report to MCCC as instructed.  The State also introduced GPS records from a software program.  Those records purportedly show Hardin's location over time through the GPS feature on his monitor.  Hardin objected to the admission of the records, arguing that the State had not shown that the location data was reliable.  The trial court admitted the records.

[6]     The jury found Hardin guilty of Count 2 and not guilty of the other counts.  The trial court entered a judgment of conviction and the matter proceeded to an enhancement phase, after which the jury found that Hardin had the status of a

habitual offender.  The court held a sentencing hearing and sentenced Hardin to an aggregate term of five years in the Indiana Department of Correction.

[7]  Hardin now appeals.

# Discussion and Decision

[8]  We review evidentiary decisions for an abuse of discretion.  *Hardin v. State*, 148 N.E.3d 932, 939 (Ind. 2020).  However, we will not reverse if the alleged error is harmless.  Ind. Appellate Rule 66(A).  Error is harmless "where its probable impact, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties."  *Id.*  In other words, we will not reverse "[i]f we are satisfied [that] the conviction is supported by independent evidence of guilt such that there is little likelihood the challenged evidence contributed to the verdict[.]"  *Blount v. State*, 22 N.E.3d 559, 564 (Ind. 2014).

[9]  Hardin argues that the trial court abused its discretion when it admitted the GPS records.  However, assuming *arguendo* that the court improperly admitted the records, there is little likelihood that the evidence contributed to the verdict. Indeed, to obtain a conviction, the State was obligated to prove beyond a reasonable doubt that Hardin knowingly or intentionally violated a home-detention order, *see* I.C. § 35-44.1-3-4(b), by "being in a location not permitted by his home detention contract terms," App. Vol. 2 at 72.  At trial, there was evidence that Hardin was bound by the following term: "You will be confined inside (within the walls of your residence; front door to back door) the residence

at all times," except when traveling to approved locations. Ex. Vol. at 58. Hardin was also bound by a term governing address changes: "You must advise your Case Manager prior to a change in residence, phone number, who is residing with you, employment, employment hours, and the dates and times for any activities that you wish to be approved." *Id.* Hardin was advised that he could call the MCCC Operations Center twenty-four hours per day. *Id.* at 9.

[10] Independent of the GPS records, there is evidence that Hardin failed to advise MCCC prior to a change in residence—unilaterally traveling to an apartment building on East Washington Street without first advising MCCC. Indeed, Hardin admitted that he was on East Washington Street and not at the reported address on Market Street. Although Hardin claimed that he was living on East Washington Street because the Wheeler Mission on Market Street did not have room to accommodate him, Hardin nevertheless failed to advise MCCC in advance of a change of residence and he traveled to an unapproved location. When MCCC called Hardin, Hardin was informed that he failed to advise MCCC of the location of his residence in advance. He was given instructions to report to MCCC. However, after that conversation, Hardin failed to report.

[11] All in all, the challenged GPS evidence purportedly showed Hardin's specific location over time—at addresses other than the one on Market Street and beyond the 2332 East Washington Street address where Hardin had unilaterally moved. Yet, there is independent evidence that Hardin admitted to traveling to an unapproved location without first advising MCCC. In light of Hardin's

admission, we are not persuaded that evidence of additional travel contributed to the jury's determination that Hardin violated the terms of home detention.[3]

[12] We conclude that the alleged error is, at most, harmless error. We therefore need not directly address the admissibility of the challenged evidence.

[13] Affirmed.

Vaidik, J., and Baker, Sr. J., concur.

---

[3] At times, Hardin points out that the charging information alleged a violation "on or about December 21, 2018." App. Vol. 2 at 90. He asserts that the GPS records were the only evidence of his location on December 21, 2018. To the extent Hardin suggests that the jury was obligated to ignore the December 20 phone call between Hardin and MCCC due to the date in the information, we disagree. It is well-established that "[w]here . . . time is not an element of the offense, the State is not required to prove the offense occurred on the precise date alleged, and its presentation of evidence is not limited to events on that date." *Blount*, 22 N.E.3d at 569. Here, there is ample independent evidence of a breach on **or about** December 21, 2018.